State v. Felts.

THE STATE v. MRS. W. A. FELTS et al.*

(*Nashville.* December Term, 1924.)

1. **TAXATION.** Party not called on to establish exemption until knowledge of purpose to assess.

Where property was not assessed for taxation against beneficiary under will or against testamentary trustees and neither beneficiary nor trustees had opportunity of knowing of purpose to make assessment, they were not called on to affirmatively establish right of exemption. (*Post, pp.* 392-394.)

Acts cited and construed: Acts 1907, ch. 602, sec. 2.

Constitution cited and construed: Art. 2, sec. 28.

2. **TAXATION.** Land, given exempt beneficiary subject to annuity, not subject to assessment though contest pending.

Where title to land was given by will to beneficiary exempt from taxation under Acts 1907, chapter 602, section 2, subsec. 2, subject to an annuity for which sufficient portion of property was to be set aside, it was not assessable for taxation thereafter, though will contest was pending as under Shannon's Code will speaks as of date of testator's death, and annuitant took no interest in the land. (*Post, p.* 394.)

Code cited and construed: Sec. 3927(S.).

3. **TAXATION.** Property devoted to literary and scientific uses not subject to taxation.

Property, which passed under will to University for erection of building to be devoted to literary and scientific uses, was not subject to taxation under Acts 1907, chapter 602, section 2, subsec. 2, exempting property of educational institutions. (*Post, pp.* 394, 395.)

Cases cited and approved: State v. Grosvenor, 149 Tenn., 160; Ward Seminary v. City Council, 129 Tenn., 412.

*Headnotes 1. Taxation, 37 Cyc., p. 905; 2. Taxation, 37 Cyc., p. 789 (1926 Anno.); Wills, 40 Cyc., p. 1424; 3. Taxation, 37 Cyc., p. 935.

State v. Felts.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. John R. Aust, Judge.

Stokes & Stokes, for the State.

Albert G. Ewing, III, for respondent, Mrs. Felts.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed to enforce payment of delinquent taxes, for the sum of $726 with interest and penalties, assessed against the lands of Mrs. Ella Calhoun Foote, in Davidson county for the year 1922. Mrs. Foote died in February 1918, leaving a will under which she gave all her property to Vanderbilt University subject to certain uses hereinafter mentioned.

The chancellor held that the property was not subject to taxation in 1922, because it passed under the will of Mrs. Foote to Vanderbilt University in 1918, and, being devoted to literary and scientific uses, was exempt, under section 2, chapter 602, Acts of 1907. Complainant appealed and assigns errors through which it insists:

(1) That pending a contest of Mrs. Foote's will undetermined until February, 1924, the property did not pass to Vanderbilt University and was subject to taxation.

(2) That the property, which passed under the will to Vanderbilt University, was not devoted exclusively to educational uses, but was charged in part with an an-

nuity for the benefit of Bessie Florence Foote, and is subject to taxation under the proviso in subsection 2, section 2, of chapter 602 of the Acts of 1907.

(3) That the right to exemption from taxation either in whole or in part cannot inure to the benefit of the University in this case, because taxation is the rule and to bring itself within an exception to the rule so as to obtain the exemption, it was incumbent upon the University to appear before the board of assessors and establish the claim.

It is a sufficient answer to the last proposition that the property was not assessed for taxation against Vanderbilt University or against the testamentary trustee under Mrs. Foote's will, and neither the University nor the trustee had any opportunity of knowing of the purpose to make the assessment, and was not called upon to affirmatively establish the right of exemption until the tax assessor or board of equalization gave notice of a purpose to assess it.

By subsection 2, section 2, chapter 602, of the Acts of 1907, the legislature exempted from taxation:

"All property belonging to any religious, charitable, scientific, or educational institutions when used exclusively for the purpose for which said institution was created, or is unimproved and yields no income. All property belonging to such institution used in secular business and competing with a like business that pays taxes to the State shall be taxed on its whole or partial value in proportion as the same may be used in competition with secular business."

This provision of the act is authorized by article 2, section 28, of the Constitution.

Mrs. Foote died in New York City, February, 1918, leaving a will by which she gave all her property to the Vanderbilt University for the erection of a building on the campus to be devoted to literary and scientific uses, and to be called the William Henry Calhoun building in memory of her father. The value of the estate was more than $100,000, consisting mostly of real estate in the city of Nashville. The gift was charged with an annuity for life of $75 a month payable to Bessie Florence Foote, an orphan girl reared under the care of Mrs. Foote. It appears from a stipulation in the record that $15,000 would be sufficient to support the annuity intended for Bessie Florence Foote.

Mrs. Foote in her will appointed J. H. Kirkland executor and testamentary trustee, and directed that a sufficient portion of the estate be set apart and invested to produce an income to support the annuity for the life of the beneficiary, Bessie Florence Foote. The will was duly probated in New York City, and the executor and testamentary trustee qualified before the courts of New York and Tennessee as required by law.

January 3, 1919, after the probate in New York, a contest was instituted in Davidson county which ended by a verdict and judgment sustaining the will on February 18, 1924. At the time of her death in February, 1918, Mrs. Foote owned the real estate in Davidson county, which was assessed for taxation against her in the name of Ella Calhoun Foote. As stated, it was agreed by counsel that $15,000 will be sufficient to support the annuity for life established by the will for the benefit of Bessie Florence Foote, and, pursuant to the directions of the will, that the trustee set apart a suffi-

cient fund to support the annuity, such sum will be set aside from the proceeds of the estate. It further appears from the stipulation of counsel that the estate consisted for the most of lands, and that the personalty will be practically exhausted in the payment of debts and the costs of litigation.

By the terms of the will Bessie Florence Foote acquired no interest in the land. She was given a specific legacy, in the form of an annuity for life, supported by a fund to be set apart by the executor and testamentary trustee from the proceeds of the estate devised to Vanderbilt University. The will speaks from the death of the testator (Shannon's Code, section 3927), and by its terms passed title to all of the land belonging to Mrs. Foote to Vanderbilt University as of the date of her death, so that when the assessment was made against her property in 1922, title rested in the Vanderbilt University subject only to the annuity of Bessie Florence Foote for life, which constituted a charge not against the land, but against a portion of the proceeds of the estate not exceeding $15,000.

It is obvious that the property, which passed under the will to Vanderbilt University for the erection of a building on the campus to be devoted to literary and scientific uses, was not subject to taxation. *State* v. *Grosvenor,* 149 Tenn., 160, 258 S. W., 140; *Ward Seminary* v. *City Council,* 129 Tenn., 412, 167 S. W., 113.

No effort was made to tax the fund required to support the annuity, and the tax bill presents no such claim. The omission cannot result in depriving the University of the exemption, which the statute expressly assures to

scientific and literary institutions, upon property devoted exclusively to literary and scientific uses.

There is no error in the decree of the chancellor. Affirmed.